# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>TYRISS PENN,<br><br>                Defendant. | 8:15CR76 AND 8:15CR79<br><br>MEMORANDUM AND ORDER |

This matter is before the court for initial review of the Defendant's Motion to Correct Sentence Under 28 U.S.C. § 2255, ECF No. 80 in Case No. 8:15cr76 and ECF No. 62 in Case No. 8:15cr79. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of the Defendant's § 2255 Motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

The Defendant pled guilty to Court I (Robbery in violation of 18 U.S.C. § 1951) and Count II (Brandishing a Firearm during a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)) in case number 8:15cr76, and Count I (Brandishing a Firearm during a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)) and Count II (Robbery in violation of 18 U.S.C. § 1951) in case number 8:15cr79. He was sentenced on September 26, 2016, to 12 months on Count I and 84 months on Count II in case number 8:15cr76, to run consecutive to each other, but concurrent to his sentence in case number 8:15cr79; and 84 months on Count I and 12 months on Count II in case

number 8:15cr79, to run consecutive to each other, but concurrent to his sentence in case number 8:15cr76. He did not appeal.

## DISCUSSION

### I. Timeliness

The Defendant filed his § 2255 Motion on June 22, 2018,[1] and asserts that it is timely because it was filed within one year of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2017) (holding that the residual clause of the federal criminal code's definition of "crime of violence," incorporated into the Immigration and Nationality Act's definition of aggravated felony, was impermissibly vague in violation of due process).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] The Motion was unreferred from the Magistrate Judge on February 22, 2019.

28 U.S.C. § 2255(fl(1)-(4).

The Defendant suggests the Supreme Court's decision in *Dimaya* provides him an opportunity for relief through 28 U.S.C. § 2255(f)(3). This Court disagrees. The decision in *Dimaya* did not address 18 U.S.C. § 1951 or 18 U.S.C. § 924(c), nor can it be fairly inferred from *Dimaya* that the Supreme Court intended its decision to affect the enforcement of those statutes. Accordingly, the Defendant's § 2255 Motion is untimely.

**II. Merits**

Even if the Defendant's Motion were timely, it would fail on the merits. It is undisputed that the Defendant's crimes leading to his convictions under 18 U.S.C. § 1951 were *in fact* crimes of violence, but he argues that robbery under 18 U.S.C. § 1951 is not *categorically* a crime of violence and should not provide a predicate offense for a conviction and sentencing under 18 U.S.C. § 924(c)(1)(A).

The Defendant's argument has been addressed and rejected by the U.S. Court of Appeals for the Eighth Circuit. See *Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017) ("Diaz argues that Hobbs Act Robbery does not qualify as a crime of violence under § 924(c)(3)(A). We reject that contention"); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016) ("[H]obbs Act robbery has 'as an element the use, attempted use, or threatened use of physical force against the person of another.'") (quoting *United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996))). In *Diaz*, the Eighth Circuit noted that the *Dimaya* case, then pending before the Supreme Court, would have no impact on its holding. *Diaz*, 863 F.3d at 783.

The Defendant's argument has also been addressed and rejected by other U.S. Courts of Appeals. See *In re Fleur*, 824 F.3d 1337 (11th Cir. 2016); *United States v.*

*Rivera*, 847 F.3d 847 (7th Cir. 2017); *United States v. Anglln*, 846 F.3d 954 (7th Cir. 2017); *United States v. Gooch*, 850 F.3d 285 (6th Cir. 2017); *United States v. Buck*, 847 F.3d. 267 (5th Cir. 2017); *United States. v. Robinson,* 844 F.3d 137 (3rd Cir. 2016); *United States v. Hill*, 832 F.3d 135 (2nd Cir. 2016).

Accordingly,

IT IS ORDERED:

1. The Court has completed its initial review of the Defendant's Motion to Correct Sentence Under 28 U.S.C. § 2255, ECF No. 80 in Case No. 8:15cr76 and ECF No. 62 in Case No. 8:15cr79;

2. The claims raised in the Defendant's Motion are summarily denied;

3. A separate Judgment will be entered; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 19th day of March 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge